# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

RAFAEL A. JONES, SR., )
)
    Petitioner, )
)
v. ) No. 4:11CV2257 NAB
)
STATE OF MISSOURI, )
)
    Respondent. )

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's submission of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition will be summarily dismissed.

Petitioner was convicted on two counts of felony non-support. See State v. Jones, 07SL-CR06638-01 (21st Judicial Circuit). Petitioner was given a suspended imposition of sentence and was placed on parole. Petitioner subsequently violated parole, and on July 29, 2010, the court sentenced petitioner to three years' imprisonment.

On July 26, 2011, petitioner filed a federal habeas petition challenging the above conviction and sentence. Jones v. Prudden, 4:11CV1310 LMB (E.D. Mo.). That petition is still pending.

In the instant petition, petitioner argues that his ex-wife "kidnapped" their child. Additionally, petitioner appears to be arguing that he should never have been liable for child support because his paternity was never established by a paternity test. Petitioner argues that federal criminal laws were violated by his ex-wife.

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief.

Under 28 U.S.C. § 2254(a), a district court may only entertain a petition for writ of habeas corpus if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." In other words, grounds that do not state a constitutional issue are not cognizable in a federal habeas petition. E.g. Gee v. Groose, 110 F.3d 1346, 1351-52 (8th Cir. 1997). None of the grounds raised in the petition implicate the Constitution. Whether petitioner's ex-wife kidnapped their child is irrelevant to the constitutionality of petitioner's custody. So is petitioner's claim regarding the paternity of the child. As a result, the petition must be dismissed.

Moreover, the petition is successive because petitioner previously filed a habeas action challenging the same sentence. See 28 U.S.C. § 2244(b). As a result, petitioner is not entitled to relief from this Court. Id.

For these reasons, petitioner is not entitled to federal habeas relief.  Furthermore, petitioner has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." Khaimov v. Crist, 297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted).  Thus, the Court will not issue a certificate of appealability.  28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's petition for writ of habeas corpus is **DISMISSED**.

**IT IS FURTHER ORDERED** that petitioner's motion to proceed in forma pauperis [Doc. 2] is **GRANTED**.

Dated this 10th day of January, 2012.

/s/Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE